UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-23444-KMW

**SECURITIES AND EXCHANGE COMMISSION,**

         **Plaintiff,**

v.

**DAVID C. COGGINS and
CORAL GABLES ASSET MANAGEMENT LLC,**

         **Defendants, and**

**CORAL GABLES ASSET HOLDINGS, L.P. and
CORAL GABLES CAPITAL, L.P.,**

         **Relief Defendants.**

_____/

**JUDGMENT AS TO DEFENDANTS DAVID C. COGGINS AND CORAL GABLES ASSET MANAGEMENT LLC, AND RELIEF DEFENDANTS CORAL GABLES ASSET HOLDINGS, L.P., AND CORAL GABLES CAPITAL, L.P.**

The Securities and Exchange Commission having filed a Complaint and Defendants David C. Coggins and Coral Gables Management LLC (collectively "Defendants"), and Relief Defendants Coral Gables Asset Holdings, L.P., and Coral Gables Capital, L.P. (collectively "Relief Defendants"), having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C.

1

§ 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact; or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with any of the Defendants or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Defendants or with anyone described in (a).

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S. § 80b-6(1) and (2)] by acting as an investment adviser and using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise investors, or

4

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 CFR § 275.206(4)-8] by acting as an investment adviser to a pooled investment vehicle and using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to:

(1) make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person,

    (E) Defendants' qualifications to advise investors, or

    (F) the misappropriation of investor funds or investment proceeds.

  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) any of the Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

  **IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that each of the Defendants and Relief Defendants shall pay disgorgement of ill-gotten gains and prejudgment interest thereon, and that each of the Defendants shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. 80b-9(e)].  The Court shall determine the amounts of the disgorgement, prejudgement interest thereon, and civil penalties upon motion of the Commission.  Prejudgment interest shall be calculated from March 30, 2016 through the date the SEC files its motion for monetary relief, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement, prejudgement interest thereon, and civil penalties, and at any hearing held on such a motion: (a)

Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants and Relief Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, prejudgment interest thereon, and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the Order Granting Plaintiff Securities and Exchange Commission's Unopposed Motion for Preliminary Injunction, Asset Freeze, And Other Relief Against Defendants David C. Coggins and Coral Gables Asset Management LLC, and Relief Defendants Coral Gables Asset Holdings, L.P., and Coral Gables Capital, L.P. [Dkt. No. 16] ("Preliminary Injunction Order"), including the Asset Freeze order (Section II), Records Preservation order (Section III), Conduct Based Injunction order (Section IV), Sworn Accounting order (Section V), and Retention of Jurisdiction order (Section VII), remain in full force and effect until Final Judgment is entered or further order of the Court.

VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant David C.

Coggins, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant David C. Coggins under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant David C. Coggins of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and the Preliminary Injunction Order.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of September, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE